CORA REEVES, by next friend, v. SEABOARD AIR LINE RAIL-
WAY COMPANY.

(Filed 25 November, 1908).

1. Carriers of Passengers—Pleadings—Principal and Agent—Scope
   of Authority—Ticket Agents—Demurrer.

   A motion to dismiss upon the complaint should be denied, when it is alleged that plaintiff, through her agent, bought of defendant railroad company's agent at its station, S., a ticket from K. to S. under contract that the plaintiff at K. was to be notified at once thereof by defendant's agents, which was not done within six days, through the defendant's carelessness and negligence, whereby plaintiff, who had no money with her, was unduly delayed, to her great damage.

REEVES *v.* R. R.

**2. Same—Evidence—Questions for Jury.**

Evidence is sufficient to go to the jury upon the authority of defendant's agent at S., a station on its road, to receive money for the purchase of a ticket from K., another station thereon, to S., to be delivered to plaintiff by the agent at K. which shows a, receipt for the payment of the ticket at S., stating that it was from K. to S.; a telegram from the agent at S. to the one at K., directing that the ticket, as contended for, be furnished plaintiff; the agent at K. informed plaintiff that he could not furnish it until he had been so advised; the actual furnishing of the ticket as contended for, thereafter, on a regular form used by the defendant for such service.

**3. Issues—Negligence—Wilful Negligence—Harmless Error.**

An issue as to wilful negligence is not prejudicial to defendant which goes only to the quantum of damages, when there was evidence of defendant's negligence, and the amount of damages was agreed upon in the event the jury found the affirmative of the question of negligence.

ACTION, tried before *Long, J.,* and a jury, July Term, 1908, of LEE, for damages for breach of contract of transportation, alleged to have been made on behalf of the plaintiff, Cora Reeves, with the defendant.

The Court submitted these issues:

1. Did the defendant agree to furnish the plaintiff transportation, as alleged in the complaint? Answer: Yes.

2. Did the defendant wilfully and negligently fail and refuse to furnish said transportation, as alleged in the complaint? Answer: Yes.

3. What amount, if any, is plaintiff entitled to recover of the defendant? Answer: $200.

From the judgment rendered the defendant appealed.

*Seawell & McIver* for plaintiff.

*Jno. D. Shaw, U. L. Spence* and *Murray Allen* for defendant.

BROWN, J. 1. The defendant moved the Court to dismiss the action because the plaintiff fails to state a cause of action. We see no ground upon which to found such contention.

Briefly stated, the cause of action, clearly set forth, is that the plaintiff, through her agent, John Houston, purchased transportation from Kittrell, N. C., to Sanford, N. C., over defendant's line, that the fare was paid to the agent at Sanford, who contracted to notify agent at Kittrell to deliver ticket from that station to Sanford to plaintiff, and that the agent at Sanford carelessly and negligently, for the space of six days, failed to notify the agent at Kittrell, whereby plaintiff, who had no money with her, was unduly delayed to her great damage.

We think his Honor properly overruled the motion.

2. Upon the first consideration of the case, we were of opinion that there was no evidence in the record tending to prove that the defendant's agent at Sanford had authority from the company to receive money for the purchase of a ticket from Kittrell to Sanford, to be delivered to plaintiff by the agent at the former place.

Upon more careful examination we are of opinion that there is evidence from which such authority may properly be inferred.

The witness Houston testifies that he was sending plaintiff to school at Kittrell, that when the session was over on 1 June, 1906, he "went to the Seaboard ticket office at Sanford and bought a ticket from the agent of the defendant from Kittrell to Sanford," that the ticket was to be delivered to Cora Reeves at Kittrell next day by the agent there, and that the agent at Sanford agreed to notify the Kittrell agent immediately.

Houston further testified that he at once wrote plaintiff to call for the ticket. The evidence proves that she did call for it and could not get it, and was delayed several days before the agent at Sanford notified the agent at Kittrell. The agent at Sanford gave to Houston the following receipt:

"Received of John Houston $2.25 for one first-class ticket to be furnished Cora Reeves, Kittrell, N. C., to Sanford, N. C."

After several days' unexplained delay the agent at Sanford sent the following telegram to the Kittrell agent:

"Sanford, 6-5: Agent: Please furnish Cora Reeves one first-class ticket to Sanford, advising for P. P. O. E. Penny, Agent S. A. L."

Terrell, the agent at Kittrell, testifies that plaintiff called for the ticket, but "I had no authority to issue it until I got the order above referred to."

We think, from the above evidence, that it may be reasonably inferred that, under the rules and regulations of the company, the agent at Sanford was authorized to receive at that office the price of a ticket from Kittrell to Sanford, and that it was his duty to notify the agent at Kittrell, without delay, to the end that he may deliver it to plaintiff.

The language of the witness Terrell, agent at Kittrell, is to the effect that, upon receipt of the telegram, he did have authority to issue the ticket, and the only reasonable construction to be placed upon his testimony is that he derived such authority from the regulations of the company.

The form of the telegram would indicate that such transactions were not foreign to the business of the defendant, and that its business regulations provide for such "prepaid orders."

3. The defendant excepted to the action of the Court in submitting to the jury an issue as to "wilful negligence," and contends that there is no evidence of wilful negligence.

There is abundant evidence of negligence upon the part of the agent at Sanford, not only from the plaintiff but from the defendant. In any view of the evidence, the agent at Sanford, upon his own testimony, as well as upon all the other evidence, was guilty of negligence in the discharge of his duty to the plaintiff, and such negligence was actionable. This being so, in consequence of the statement contained in the record, the question as to whether there is any evidence of

wilful negligence would be material only upon the issue as to damages.

In reference to the damages, the record states that there was no contest as to the ruling, if the facts were found as shown, about the amount, "provided the Court had not erred in refusing defendant's motion to nonsuit."

We have held, upon the facts as shown by defendant's own evidence, the Court did not err in refusing the motion to nonsuit, as a case of actionable negligence was clearly made out. Therefore, the damages fixed upon by consent remain undisturbed, as the contingency upon which the Court would be authorized by the agreement to review that issue has not arisen.

Evidently, the sum agreed upon was more satisfactory to the defendant, in the event the motion to nonsuit could not be sustained, than the trouble and expense of another trial.

Upon a review of the entire record we find

No error.